**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William J. Walker, a married man, | No. MC-09-0080-PHX-DGC |
| Petitioner, | **ORDER** |
| vs. | |
| Internal Revenue Service, a Delaware corporation, dba United States, | |
| Respondent. | |

William Walker commenced this action against the "Internal Revenue Service, a Delaware Corporation dba United States," by filing a "motion for court to quash summons" and "motion for order that debt has been paid in full with legal tender." Dkt. #1. Having reviewed the motions and the supporting memorandum and affidavit (Dkt. ##3, 6), the Court finds Walker's arguments to be frivolous. The Court will therefore deny the motions and dismiss the action.

Walker and his wife claimed a $177,770 refund on their 2008 federal income tax return. Dkt. #6 at 5-8. That amount was directly deposited into their Wells Fargo bank account in Phoenix, Arizona. Dkt. #3 at 1. The Internal Revenue Service ("IRS") found the Walkers' return to be frivolous and, on May 7, 2009, sent them a tax assessment in the amount of $267,082, plus interest. Dkt. #6 at 10-13. The IRS issued a summons for financial records to Wells Fargo on May 19, 2009 (*id.* at 45-46), and placed a levy on the Walkers' bank account on July 2, 2009 (*id.* at 47-48). Walker commenced this action two weeks later.

The IRS is not a proper party to this action because "[n]either the IRS, nor its agents or subsidiaries, can sue or be sued." *Acevedo v. United States*, No. 4:08CV248 CDP, 2008 WL 2098129, at *2 (E.D. Mo. May 16, 2008). Walker asserts that the IRS is not a government entity because it "was incorporated in Delaware as a collection agency for a Puerto Rico Company." Dkt. #3 at 3. This assertion is false and has been soundly rejected by numerous courts. *See, e.g.*, *Metcalf v. IRS*, No. 09-12594, 2009 WL 2151327, at *1 (E.D. Mich. July 16, 2009) (dismissing complaint as "totally implausible, frivolous, and devoid of merit" where the plaintiff alleged in part that the IRS is a Delaware corporation doing business as "Trust #62 Puerto Rico, USA"); *Davis v. Donelson*, No. CIV.1:99-CV-0226-CC, 2000 WL 1203965, at *1 n.1 (N.D. Ga. Mar. 6, 2000) (dismissing complaint against "Internal Revenue Service of Puerto Rico, Trust # 62"); *Mortland v. IRS*, No. A-03-CA-115-SS, 2003 WL 21791249, at *2 n.1 (W.D. Tex. June 24, 2003) (rejecting contention that the IRS is a "corporation held in trust in Puerto Rico and serves the International Monetary Fund"); *Eckwortzel v. Crossman*, 561 F. Supp. 2d 1144, 1152 (D. Idaho 2008) (rejecting argument that the IRS is not an agency of the United States); *United States v. O'Connor*, No. 07-CR-86, 2008 WL 1902464, at *4 (W.D.N.Y. Apr. 28, 2008) (noting that the defendant's tax protester-type arguments ignored the "'host of constitutional and statutory authority in support of the IRS being an agency of the United States") (citations omitted).

Walker asserts that the summons should be quashed because his U.C.C. filing entitles him to a first lien on any bank accounts in his name (Dkt. #3 at 3), but presents no legal authority in support of this assertion. Nor has he cited authority for the proposition that the summons should be quashed because the IRS purportedly failed to respond to his request for "Proof of Claim and Verified Assessment" (*see id.*).

With respect to the motion for a declaration that his income tax has been paid, Walker raises an argument commonly used by tax protesters: that the debt has been paid in full with legal tender because Walker "accepted the debt for value and returned it for settlement and closure." Dkt. #3 at 4-5. Walker claims that a "Federal Reserve account" was established upon his birth, that the suspension of the gold standard in 1933 was replaced with a "'Public

National Credit System' where debt is 'Legal Tender' money," and that the only way for him to pay a debt is "to discharge it, dollar for dollar and accept it for value using the Surety trust account set up for William-Justin of the family of Walker at birth July 14, 1966 registrar's number XXX-XXXX-023746." *Id.* In short, Walker believes that "the only way one can pay off a debt is through tender and transfer of debts, with the debt being perpetual." *Id.* at 5. However heartfelt, the Court finds Walker's belief to be "utterly without merit." *Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir. 1985); *see United States v. Dutson*, No. CIV.04-2585 PHX EHC, 2005 WL 605381, at *1-3 (D. Ariz. Mar. 10, 2005) (rejecting the defendants' attempt to pay a tax debt by accepting it for value and returning it for settlement and closure).

**IT IS ORDERED:**

1. Petitioner William Walker's motion for court to quash summons and motion for order that debt has been paid in full with legal tender (Dkt. #1) are **denied**.
2. The Clerk is directed to **terminate** this action.

DATED this 10th day of September, 2009.

_____
David G. Campbell
United States District Judge

- 3 -